CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES
DISTRICT OF NEW MEXICO

99 AUG 31 PM 2:53

GEORGE R. SCHWEERS AND
MARIANNE M. SCHWEERS
FAMILY TRUST,

Plaintiff,

vs.

No. CIV 99-162 MV/DJS

MARK HOVATEN and ELEANOR
HOVATEN d/b/a EAGLE RANCH
and MEDIACOM d/b/a RIDGENET,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Mark and Eleanor Hovaten's Motion to Dismiss for Lack of Personal Jurisdiction filed July 2, 1999 **[Doc. No. 29]** and on Defendant Mediacom's First Motion for Extension of Time in which to Respond to Defendants Mark and Eleanor Hovaten's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 14, 1999 **[Doc. No. 24]**. The Court, having considered the motions, response, reply, relevant law, and being otherwise fully informed, finds that the Motion to Dismiss for Lack of Personal Jurisdiction is well taken and will be **GRANTED**, and that the Motion for Extension of Time is not well taken and will be **DENIED**.

### BACKGROUND

Plaintiff George R. Schweers and Marianne M. Schweers Family Trust (the "Family Trust") is a New Mexico pistachio farmer/grower that owns the federal trademark registration for the name "Eagle Ranch" as applied to the sale of pistachio nuts. Defendants Mark and Eleanor

Hovaten reside in Southern California where they own a pistachio farm called Eagle Ranch. All pistachios from the farm are sold to a growers cooperative in Southern California, none are sold outside the state of California and none have been sold to New Mexico residents.

Mark and Eleanor Hovaten have had no personal or business contact with the state of New Mexico, except for a two day family trip in 1997. They do not own or lease property in New Mexico. They have not solicited any customers in New Mexico, they do not send any written correspondence to New Mexico, and they have not advertised by television or radio anywhere in New Mexico. They do not have an "800" toll free number by which customers can contact them.

In 1996, Mark Hovaten constructed and operated a Web site that advertised the Eagle Ranch farm, the same name as Plaintiff's registered trademark. Eleanor Hovaten had nothing to do with the creation or maintenance of the Web site. The Web site included sales, pricing and ordering information, but did not contain an interactive form, a "hit meter," or an "800" toll free number. The Web site did not encourage people from New Mexico to access the Web site. Only three people, from Bangladesh, Australia, and Kansas, contacted Mark Hovaten after seeing his Web site. Mark Hovaten did not make any sales over the Internet.

Defendant Mediacom, Mark Hovaten's Internet service provider, shut down his Web site after receiving a cease and desist letter from the Family Trust's attorney. The Hovatens' counsel responded by letter stating that the Trust did not have superior rights to the name "Eagle Ranch." Despite this legal argument, Hovaten removed all references to sales, pricing and ordering of pistachios from his Web site, thereby changing it to what he refers to as a "family Web site." Hovaten believes that since all sales information was replaced with information about rural

2

living, family farming, and hyperlinks to related topics, the Web site is no longer commercial. After the Web site was changed, the Family Trust's attorney contacted Hovaten about the site in a second protest letter. The Hovatens' attorney wrote back, asking for proof of prior use.

When he learned of this lawsuit, Mark Hovaten denied public access to his family Web site. He also removed the inactive listing of his Web site off of the Lycos network.

The Family Trust filed this lawsuit against Defendants alleging trademark infringement, unfair competition and violations of the New Mexico Unfair Practices Act. Defendants Mark and Eleanor Hovaten have moved to dismiss the complaint for lack of personal jurisdiction. They argue that they do not have minimum contacts with New Mexico, that personal jurisdiction over them in this forum is unreasonable and offends due process, and that the majority of other jurisdictions refuse to find jurisdiction based on Web site advertising. Plaintiff concede that there is no general jurisdiction over the Hovatens. (Plaintiff's Opposition to Defendants Hovaten's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) at 3.) However, they claim that specific jurisdiction exists over the Hovatens because of the allegedly infringing Web site and the harm caused to New Mexico citizens.

In addition, Defendant Mediacom filed a motion for extension of time in which to respond to Defendants Hovaten's motion to dismiss for lack of personal jurisdiction. Mediacom gives no reason why it should be able to respond to the motion concerning unrelated Defendants.

## STANDARD OF REVIEW

Due Process requires that a defendant have sufficient "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945). Courts can exercise

either general or specific jurisdiction. Since Plaintiff concedes that there is no general jurisdiction over the Hovatens, the Court will focus its analysis on specific jurisdiction.

Specific jurisdiction is found where a defendant has "purposefully directed" its activities toward the forum state and the lawsuit is based on injuries that "arise out of" or "relate to" the defendant's contact with the state. *Burger King*, 471 U.S. at 472. A defendant need not be physically present in a state as long as its efforts are purposefully directed toward forum residents. *Id.* at 476. Contacts resulting from the "unilateral activity of another party or third person" are not attributable to a defendant. *Id.* at 475 & n.17.

Even though this case involves a federal question, jurisdiction is determined by the law of the forum state. James W. Moore, Moore's Federal Practice (3d ed 1999) § 108.60[3][a] at 108-100 ("Federal courts must apply the relevant state [long-arm] statute even when the cause of action is purely federal."). In New Mexico, personal jurisdiction is determined by the long-arm statute and constitutional due process standards. *Caba LLC v. Mustang Software, Inc.*, No.18842, 1999 WL 428242, at *8 (N.M. Ct. App. May 25, 1999).

New Mexico's long-arm statute provides, in relevant part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
> (1) the transaction of any business within this state;
> (2) the operation of a motor vehicle upon the highways of this state;
> (3) the commission of a tortious act within this state;
> (4) the contracting to insure any person, property or risk located within this state at the time of contracting . . . .

N.M. Stat. Ann. § 38-1-16(A) (Michie 1971). New Mexico has consolidated the statutory and

constitutional requirements of the long-arm statute into a three-part test. *F.D.I.C. v. Hiatt*, 117 N.M. 461, 463, 872 P.2d 879, 881 (1994); *Caba*, 1999 WL 428242, at *8. The jurisdictional test requires that: 1) defendant must do one of the acts enumerated in N.M. Stat. Ann. § 38-1-16(A); 2) plaintiff's cause of action must arise from the specified act; and 3) defendant must have minimum contacts sufficient to satisfy due process. *Id.*

The standard governing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagan v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) (internal cites omitted).

## ANALYSIS

I. **Defendants Mark and Eleanor Hovaten's Motion to Dismiss for Lack of Personal Jurisdiction.**

Applying the three-part test for jurisdiction, the Court must first determine whether Defendants Mark and Eleanor Hovaten transacted business within New Mexico. *Hiatt*, 117 N.M. at 463. Transaction of business has been determined by the following factors: (1) who initiated the transaction; (2) where the transaction was entered into; and (3) where the performance was to take place. *See Caba*, 1999 WL 428242, at *9 (quoting *Pelton v. Methodist Hosp.*, 989 F. Supp.

1392 (D. N.M. 1997)).

While there are no New Mexico cases which discuss the issue of Web site advertising and personal jurisdiction, there are cases involving more traditional means of communication with a New Mexico resident from out of state. "[O]rdinarily, 'use of the mails, telephone or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" *Sanchez v. Church of Scientology*, 115 N.M. 660, 664 (1993)(citation omitted). New Mexico Courts have repeatedly rejected claims of personal jurisdiction based on sending communications from outside the state into New Mexico. *See, e.g., Id.* (phone calls and mailings from California and two attempts to contact New Mexico residents); *Valley Wide Health Services, Inc. v. Graham*, 106 N.M. 71 (1987) (phone call from Colorado to New Mexico); *Diamond A Cattle Co. v. Broadbent*, 84 N.M. 469 (1973) (mailing three things to New Mexico).

As the New Mexico Supreme Court explained, "'a central factor in determining whether these 'minimum contacts were established is the degree to which defendant *purposefully initiated its activity within the state.*'" *Valley Wide Health Services*, 106 N.M. at 73 (emphasis in original)(citation omitted). "To sustain personal jurisdiction over a non-resident defendant, '[i]t is *essential* in each case that there be some act by which the defendant *purposefully avails itself of the privilege of conducting activities within the forum State*, thus invoking the benefits and protections of its law.'" *Id.* (emphasis in original) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

This reasoning precludes any finding that the Hovatens have transacted business within the state based on their posting of a Web site on the Internet. Like a phone call to New Mexico,

a Web site is not in any way "purposefully initiated" within New Mexico. The Hovaten Web site does not mention New Mexico or in any way indicate that the Hovatens intend to or are conducting activities here. Pursuant to the reasoning in these analogous cases, the Court finds that neither the Web site nor the letter sent to New Mexico from the Plaintiff's attorney satisfies the requirements of specific jurisdiction.

This finding comports with the analysis of the vast majority of other courts that have considered whether a Web site like Mark Hovaten's site can satisfy the "minimum contacts" required to establish specific jurisdiction. Two early cases set the standard adopted by more recent decisions in evaluating a claim of specific jurisdiction based on a Web site. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997); *Bensusan Restaurant Corp., v. King*, 937 F. Supp. 295 (S.D.N.Y.1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997). In *Zippo*, 952 F. Supp. at 1123, the court explained:

> the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. *E.g. CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir.1996). At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. *E.g. Bensusan Restaurant Corp., v. King*, 937 F. Supp. 295 (S.D.N.Y.1996). The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined

> by examining the level of interactivity and commercial nature of
> the exchange of information that occurs on the Web site. *E.g.
> Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328 (E.D. Mo.1996).

952 F. Supp. at 1124. Most courts follow this reasoning, finding that Web site advertising alone, without any business activity or interactivity, does not satisfy the requirements of Due Process. *Millennium Enterprises v. Millennium Music, LP,* 33 F. Supp.2d 907, 911, 916 (D. Or. 1999) (no specific jurisdiction in trademark infringement case based on interactive Web site because Web site did not give fair warning of possibility of suit in forum state; citing long list of cases); *Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F. Supp.2d 1318 (D. Utah 1998) (no specific jurisdiction in copyright infringement case based on passive advertisement on defendant's Web site); *S.F. Hotel Co. v. Energy Investments, Inc.*, 985 F. Supp. 1032 (D. Kan. 1997) (no specific jurisdiction in trademark infringement action based on passive Web site); *Transcraft Corp. v. Doonan Trailer Corp.*, 45 U.S.P.Q.2d 1097 (N.D. Ill. 1997) (no specific jurisdiction in trademark infringement case based on passive Web site plus trailers painted with the infringing mark traveling on Illinois roads); *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997) (no specific jurisdiction in trademark infringement case based on passive Web site).

These courts declined to find jurisdiction because Web site advertising does not satisfy the "purposeful availment" portion of the due process analysis. *See, e.g., Bensusan,* 937 F. Supp. at 301 ("[c]reating a site, like placing a product into the stream of commerce, may be felt nationwide--or even worldwide--but, without more, it is not an act purposefully directed toward the forum state"); *Smith v. Hobby Lobby Stores, Inc.*, 968 F. Supp. 1356 (W.D. Ark. 1997) ("[t]he courts have not abandoned the notion that jurisdiction must be premised on activity

8

deliberately directed toward the forum state or on proof of purposeful availment of the privilege of doing business in the forum state"). Moreover, these courts recognized that personal jurisdiction is not exercised for this type of contact because "'a finding of jurisdiction . . . based on an Internet Web site would mean that there would be nationwide (indeed, world wide) personal jurisdiction over anyone and everyone who establishes an Internet Web site. Such nationwide jurisdiction is not consistent with personal jurisdiction case law.'" *Remick v. Manfredy*, No.CIV.A.99-CV-0025, __ F. Supp.2d __, 1999 WL 257754, at *3, (E.D. Pa. Apr. 22, 1999) (quoting *Weber v. Jolly Hotels, Inc.*, 977 F. Supp. 327, 333 (D. N.J. 1997), quoting *Hearst Corp. v. Goldberger*, No. 96 Civ. 2620, 1997 WL 97097, at *1 (S.D.N.Y. Feb. 26, 1997)).

For these same reasons, the Court finds that it lacks jurisdiction over the Hovatens based solely on their passive Web site. Most of the cases cited by Plaintiff involve contacts in addition to a passive Web site. *See, e.g., Hasbro, Inc., v. Clue Computing, Inc.*, 994 F. Supp 34 (D. Mass. 1997) (Web site plus work for company in forum state); *Heroes, Inc. v. Heroes Foundation*, 41 U.S.P.Q.2d 1513 (D. D.C. 1996) (Web site plus "800" number and newspaper advertising in forum state). The Court declines to follow older, less well-reasoned cases that held that Web site advertising alone satisfies the requirements of state long-arm statues and due process. *See, e.g., Inset Systems, Inc., v. Instruction Set, Inc.*, 937 F. Supp. 161 (D. Conn. 1996). As explained in a recent decision from the District of Oregon, "the trend has shifted away from finding jurisdiction based solely on the existence of Web site advertising." *Millennium*, 33 F. Supp.2d at 915.

Nor does the Court accept Plaintiff's argument that the Hovatens are subject to personal jurisdiction in New Mexico because their allegedly infringing activity caused harm to New Mexico residents. In *Calder v. Jones*, 466 U.S. 783, 789-90, the Supreme Court held that

9

specific jurisdiction can be asserted over defendants who direct their tortious conduct to the forum state, knowing the effects of the conduct will cause harm. However, there is nothing in the record to indicate any actions by the Hovatens directed to this forum. A Web site by its nature is not directed to any one place, and nothing on Mark Hovaten's current or former Web site is in any way directed to New Mexico. *See Millennium*, 33 F. Supp.2d at 912 & n.2 (even assuming defendants knew of plaintiff's existence, Web site does not show that defendants directed their conduct to the forum state).

For these reasons, the Court lacks jurisdiction over the Hovatens, and they are dismissed from this case.

## II. Co-Defendant Mediacom's Motion for Extension of Time in which to Respond to Defendants Mark and Eleanor Hovaten's Motion to Dismiss for Lack of Personal Jurisdiction.

Mediacom does not cite any authority or give any reason supporting its request to respond to Defendants Mark and Eleanor Hovaten's motion to dismiss for lack of personal jurisdiction. While Mediacom asserts that the Family Trust's counsel does not oppose its motion, it does not provide any authority supporting its ability to respond to another party's motion. Accordingly, this Court will deny the motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Mark and Eleanor Hovaten's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 29] is **GRANTED**, and Mark and Eleanor Hovaten are dismissed from this action.

**IT IS FURTHER ORDERED** that Co-Defendant Mediacom's Motion for Extension of

Time in which to Respond to Defendants Mark and Eleanor Hovaten's Motion to Dismiss for Lack of Personal Jurisdiction **[Doc. No. 24]** is **DENIED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff</u>:
Martin K. Holland
Maurice U. Cahn

<u>Attorney for Defendants Mark and Eleanor Hovaten</u>:
Roberta M. Price

<u>Attorney for Defendant Mediacom</u>:
Kevin Lynn Wildenstein
DeWitt M. Morgan